**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION (CLEVELAND)**

| | |
|---|---|
| CARTER DONAHOE, on behalf of himself and all others similarly situated,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　vs.<br><br>APPLE INC,<br><br>　　　　　　　　　Defendant. | Case No.: 1:18 cv 763<br><br>Judge:<br><br><br><br>**NOTICE OF REMOVAL OF ACTION** |

PLEASE TAKE NOTICE THAT, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1453, and 1711–1715, Defendant Apple Inc. hereby removes to the United States District Court for the Northern District of Ohio, Eastern Division (Cleveland) the above-captioned state court action, originally filed as Case No. CV-18-894080 in the Cuyahoga County, Ohio Court of Common Pleas. Removal is proper on the following grounds:

**TIMELINESS OF REMOVAL**

On March 6, 2018, Plaintiff Carter Donahoe filed a Complaint individually and on behalf of all others similarly situated against Apple in the Cuyahoga County, Ohio Court of Common Pleas. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Apple are attached as Exhibit 1 respectively. Plaintiff served Apple with the Summons and Complaint on March 12, 2018. *See* Ex. 1. This notice of removal is therefore timely pursuant to 28 U.S.C. § 1446(b) because it is filed within 30 days after service was completed. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999); *Barnhart v. Ebron*, No. 15 CV 2712, 2016 U.S. Dist. LEXIS 3025, at *4 (N.D. Ohio Jan. 11, 2016).

## SUMMARY OF PLAINTIFF'S ALLEGATIONS
## AND FACTS GIVING RISE TO JURISDICTION AND REMOVAL

1. Plaintiff's Complaint alleges that Apple violated Ohio's Consumer Sales Practices Act and Deceptive Trade Practice Act and that Apple committed constructive fraud and negligent misrepresentation. *See* Ex. 1, Compl. ¶¶ 79-110. Plaintiff seeks to represent the following putative class:

   (a) Residents of the State of Ohio;
   (b) Who own or owned an iPhone 6 or 6s;
   (c) Who made a warranty claim related to the iPhone;
   (d) Who replaced the iPhone with a refurbished iPhone or other non-battery replacement solution;
   (e) Within the four years prior to the date of the filing of the complaint.

*Id*. ¶¶ 40, 69. The Complaint uses the term "iPhone" to refer to "the iPhone 6 and 6s" models." *Id.* ¶ 1.

2. Among other things, Plaintiff and the putative class members allege they are owed actual damages, including but not limited to the cost of a refurbished or replacement iPhone, statutory damages, and/or punitive damages. *Id*. ¶¶ 85, 91, 103, 110, Request for Relief ¶ B.

**A.   The Putative Classes Contain More Than 100 Members**

3. Plaintiff alleges that "[t]he class consists of ***thousands*** or more persons." *Id.* ¶ 72 (emphasis added).

4. Plaintiff's putative classes encompass all Ohio consumers who own or owned an iPhone 6 or iPhone 6s, made a warranty claim, and/or replaced the iPhone with a refurbished iPhone or other non-battery alternative, within the past four years. *See* 28 U.S.C. § 1332(d)(5) ("the number of members of all proposed plaintiff classes in the aggregate" must be 100 or more). There are more than 100 members of the putative classes.

**B.     The Amount Placed in Controversy Exceeds $5 Million**

5.     Apple denies any liability in this case and intends to vigorously oppose class certification—and Apple expressly reserves all of its rights to do so. *See Dart Cherokee Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) ("[D]efendants may simply allege or assert that the jurisdictional threshold has been met." (internal quotation marks and citation omitted)). However, for purposes of the jurisdictional requirements for removal only, Apple has a good faith basis to believe, and on that basis avers, that the allegations in Plaintiff's Complaint put more than $5,000,000 in controversy, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(6) (claims of individual class members set forth in the Complaint are "aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000").

6.     Plaintiff and the putative class members allege that they are entitled to recover actual damages including, but not limited to the cost of a refurbished or replacement iPhone, statutory damages, and/or punitive damages. Ex. 1, Compl. ¶¶ 85, 91, 103, 110, Request for Relief ¶ B. Apple has sold more than $5,000,000 of the iPhone 6 or iPhone 6s models in the State of Ohio, thereby satisfying the amount-in-controversy threshold. *See Stapleton v. Skyline Terrace Apts.*, No. 5:17-cv-02207, 2018 U.S. Dist. LEXIS 42032, *3 (N. D. Ohio Mar. 14, 2018) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.") (citing *Dart Cherokee Basin Operating Co.,* 135 S. Ct. at 554).

**C.     Diversity is Undisputed**

7.     Plaintiff is an Ohio resident who seeks to represent a class of Ohio residents. Ex. 1, Compl. ¶¶ 40, 41, 69. Plaintiff also acknowledges that Apple is a California corporation. *Id.* ¶ 42. Under CAFA there is sufficient diversity to establish federal diversity jurisdiction so long

3

as "at least one defendant is diverse from at least one plaintiff." *Miller v. Volkswagen of Am., Inc.*, 889 F. Supp. 2d 980, 983 (N.D. Ohio 2012). It is apparent from the face of the complaint that diversity exists under 28 U.S.C. 1332(d). *See, e.g.*, *Norris v. People's Credit Co.*, No. 12 CV 3138, 2013 U.S. Dist. LEXIS 139327, *14 (N. D. Ohio Sept. 27, 2013) (concluding that diversity is established when the plaintiff is an Ohio resident and the defendant is an out-of-state company).

## THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER

8. Based on the foregoing facts and allegations, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because:

(a) this is a civil action which is a class action within the meaning of § 1332(d)(1)(B);

(b) Plaintiffs allege that the action involves a putative class of at least 100 persons as required by § 1332(d)(5)(B);

(c) the alleged amount in controversy exceeds $5 million, exclusive of interest and costs as required by § 1332(d)(2); and

(d) a member of the proposed class is a citizen of a state different from any defendant as required by § 1332(d)(2)(A).

9. Accordingly, this action is properly removable under 28 U.S.C. §§ 1441, 1446, and 1453.

10. Venue is proper in the Northern District of Ohio under 28 U.S.C. § 1441(a), because Cuyahoga County is served by the Northern District of Ohio, Eastern Division, Cleveland.

11.     Upon filing the Notice of Removal, Apple will furnish written notice to Plaintiff's counsel and will file and serve a copy of this Notice with the Clerk of the Cuyahoga County, Ohio Court of Common Pleas, pursuant to 28 U.S.C. § 1446(d).

Apple therefore removes this action from the Cuyahoga County, Ohio Court of Common Pleas and respectfully requests it proceed in this Court as a matter properly removed.

Respectfully submitted,

*/s/* Patrick M. Hagan
Patrick M. Hagan (0079927)
Laurie A. Witek (0083955)
DINSMORE & SHOHL LLP
255 East Fifth Street, Suite 1900
Cincinnati, OH   45202
Telephone:  513-977-8200
Facsimile:   513-977-8141
Email:  patrick.hagan@dinsmore.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of April, 2018, the foregoing document was electronically filed with the Clerk of Courts for the Northern District of Ohio via the Court's CM/ECF system, and that the below-listed party is being served by First Class, U.S. Mail.

James S. Wertheim, Esq.
James S Wertheim LLC
24700 Chagrin Blvd., Suite 309
Beachwood, OH 44122

/s/ Patrick M. Hagan
Patrick M. Hagan
